Filed: 4/5/2023 12:33 PM
Juli Luke
Denton County Clerk
By: Sandra Erp, Deputy

CV-2023-01249

CAUSE NUMBER _____

| | | |
|---|---|---|
| **RANDY GEORGE and** | § | **IN THE COUNTY COURT AT LAW** |
| **JOANNA GEORGE,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **NUMBER _____** |
| | § | |
| **LEMONADE INSURANCE COMPANY,** | § | |
| **Defendant** | § | **DENTON COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW Randy George and Joanna George ("Plaintiffs"), filing this Plaintiffs' Original Petition against Lemonade Insurance Company ("Defendant"). In support hereof, Plaintiffs would show the Court the following:

### I. TRCP 47 STATEMENT

1.1      This is an insurance bad faith case. Plaintiffs state that discovery is intended to be conducted under Level 1. Plaintiffs seek only monetary relief of $74,999 or less excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

### II. PARTIES AND SERVICE OF CITATION

2.1      Plaintiffs are individuals.

2.2      Defendant, **Lemonade Insurance Company**, is an insurance company regulated by the Texas Department of Insurance that may be served with process via its registered agent, **United Corporate Services, Inc., 815 Brazos St., Suite 500, Austin, Texas 78701-2509.**



### III. JURISDICTION AND VENUE

3.1     This court has jurisdiction and venue is proper in Denton County, Texas because the contract entered into between Plaintiffs and Defendant was sold and purchased in Denton County, Texas, concerns damages to personal and improved real property situated in Denton County, Texas, and was materially breached by Defendant in Denton County, Texas. The amount in controversy is within the jurisdictional limits of this Court.

### IV. FACTUAL BACKGROUND

4.1     Plaintiffs purchased a homeowners insurance policy from Defendant for coverage of their property located at 5 Skyline Drive, Trophy Club, Texas 76262.

4.2     Near the end of April, 2021 Mr. George took the normal steps to reopen his pool for the season (i.e. raising the water level to above the skimmers, adding chemicals to the water, and setting the pumps to run).

4.3     On or about May 1, 2021, Mr. George returned to the house to inspect the condition of the pool water and discovered that a return pipe had failed which allowed the pool water to be completely pumped out of the pool.

4.4     Mr. George began to immediately refill the pool to prevent it from "floating". Unfortunately, his efforts were in vain. Later that same day, while it was still in the process of being refilled, the pool rose on one end. Mr. George continued to fill the pool in hopes that it would settle back to its original position. Unfortunately, it did not and remains out of level by approximately six inches. When the pool rose, it destroyed the concrete deck around the pool as well.

4.5    The claim was promptly reported to Defendant on May 15, 2021.

4.6    On June 1, 2021, the claim was denied before Lemonade even conducted an inspection.

4.7    Subsequent to the denial, Defendant reopened the claim and sent an independent adjuster, Mike Grammer, to inspect the property on August 6, 2021.    Six days later, on August 12, 2021, Defendant denied the claim again by stating so and sending the June 1, 2021 denial letter a second time.

4.8    The loss to Mr. and Mrs. George's pool and pool deck greatly exceeds the $52,500 policy limits ($50,000 for the property and $2,500 for debris removal) applicable to this loss.

4.9    Plaintiffs timely reported the claim, demanded that it be paid, and otherwise complied with all of their obligations under the contract.

4.10    The loss is a covered loss, which would be clear and obvious to a reasonably prudent insurer.    Nevertheless, Defendant has intentionally and illegally delayed the claim and refused to pay Plaintiffs the amount they are entitled to under the policy.

4.11    Had Defendant bothered to conduct a proper and reasonable investigation in accordance with Texas law, it would have learned that there was no legal and/or factual basis to refuse payment to Plaintiffs for the covered loss/claim.    Instead, Defendant conducted an outcome-oriented investigation in order to create create a pre-textual basis to deny payment Plaintiffs.

4.12    Plaintiffs have complied with all conditions precedent.    Any notice and/or other pre-suit requirements have either occurred or are waived and/or notice is impractical.

## V. AGENCY AND AUTHORITY – EMPLOYEES, AGENTS, AND REPRESENTATIVES

5.1     At all times relevant to Plaintiffs' causes of action as alleged herein, the employees, agents and representatives of Defendant were acting within the course, scope and authority of their employment. Therefore, Defendant is vicariously liable for the acts of its employees, agents and representatives.

5.2     In all allegations regarding the acts and conduct of Defendant made herein, Plaintiffs specifically include all agents, representatives and employees of Defendant that have in any way or part engaged in the acts and conduct or furthered the unlawful purposes, as stated herein.

## VI. CAUSE OF ACTION – BREACH OF CONTRACT

6.1     Plaintiffs and Defendant entered into an insurance contract. Defendant has materially breached said contract by refusing to pay per the contract and failing to act in good faith to settle Plaintiffs' claims. Said breach is the proximate cause of Plaintiffs' damages.

6.2     All conditions precedent to Plaintiffs' recovery have been performed or occurred.

## VII. CAUSE OF ACTION – BAD FAITH

7.1     Plaintiffs had a valid insurance contract with Defendant. Plaintiffs suffered a covered loss and made a claim. Defendant refused to settle the claims at a fair and just amount and knew or should have known that liability and damages were reasonably clear. Defendant's breach of its duty of good faith and fair dealing with Plaintiffs was the proximate cause of Plaintiffs' damages.

## VIII.  CAUSE OF ACTION – PROMPT PAYMENT OF CLAIMS

8.1   Despite having everything reasonably required to investigate the claim and being provided with everything requested in order to comprise a complete proof of loss, Defendant has failed to accept the full claim or make full payment in a timely manner and as dictated by the Texas Prompt Payment of Claims Act.

8.2   Therefore, Plaintiffs are entitled to the amount of the covered loss, 18% interest per annum of the amount of the claim not timely paid as damages, together with reasonable attorney's fees, pursuant to TEX. INS. CODE. ANN., §542.051 ET SEQ.

## IX.  CAUSE OF ACTION – DECEPTIVE INSURANCE PRACTICES

9.1   Plaintiffs are "persons", as defined by Chapter 541 of the Texas Insurance Code. Defendant is a "person", as defined by Chapter 541 of the Texas Insurance Code.

9.2   By refusing to pay Plaintiffs' claim and misrepresenting a policy provision relating to coverage, as described above, Defendant has engaged in unfair settlement practices.

9.3   Plaintiffs have complied with the notice provision of Chapter 541.

## X.  CAUSE OF ACTION – DECEPTIVE TRADE PRACTICES

10.1  Defendant engaged in false, misleading, deceptive and unconscionable conduct. Defendant's acts and omissions are in violation of the following portions of the Texas Business and Commerce Code:

§17.46(b)(2)  Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

§17.46(b)(5)  representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

§17.46(b)(7)  representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

§17.46(b)(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

§17.46(b)(23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

10.2    In addition, the "unconscionable" unlawful acts and practices described above were committed "knowingly" by Defendant.

## XI. DAMAGES AND ATTORNEYS' FEES

11.1    Plaintiffs also seek recovery of all other damages to which they are entitled, including additional, extra, double or treble damages and any and all other damages as allowed and defined by statute or common law for the knowing and intentional conduct of Defendant.

11.2   As a result of Defendant's conduct, Plaintiffs were also forced to employ the services of counsel to protect and prosecute their interests and claims in this matter. Plaintiffs are therefore entitled to and seek recovery of their attorneys' fees and costs for the prosecution of their claims through trial, post-trial proceedings, all appellate proceedings, and any other proceedings related to this cause. Plaintiffs seek their attorneys' fees on all legal and statutory grounds as permitted by law.

11.3   In addition, Plaintiffs hereby make demand of Defendant to pay all costs of court related to the prosecution of this matter.

## XII. RULE 193.7 NOTICE

12.1   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendant that any and all documents produced may be used against Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII. JURY DEMAND

13.1   Plaintiffs respectfully request a trial by jury.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that on final hearing of this matter, Plaintiffs have judgment against Defendant for:

a.   All actual economic damages;

b.   An award of up to treble actual economic damages based on Defendant's knowing violations of the DTPA as provided for by Tex. Bus. and Comm. Code §17.50;

c.      Reasonable and necessary attorney's fees;

d.      All costs of court allowed by the Texas Rules of Civil Procedure and/or deemed

appropriate by the court;

e.      Pre-judgment and post-judgment interest at the legal rate provided by law; and

f.      For such other and further relief, both general and special at law or in equity, to

which Plaintiffs may show themselves to be justly entitled.

Respectfully Submitted,


_____/s/ Gregory B. Fell_____
Gregory B. Fell
TBN: 00790670
gfell@felllawfirm.com

The Fell Law Firm
3021 E. Renner Rd., Suite 140
Richardson, Texas 75082
(972) 488-8177 – phone
(972) 664-0470 – fax

ATTORNEY FOR PLAINTIFFS